**SCHMEISER, OLSEN & WATTS LLP**
Jordan M. Meschkow, AZ Bar No. 007454
Sean K. Enos, AZ Bar No. 023634
18 E University Drive, Suite 101
Mesa, AZ 85201

Telephone: (480) 655-0073
Facsimile: (480) 655-9536
E-mail: jordan.meschkow@azbar.org
E-mail: kenos@iplawusa.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Guardian Bells, LLC.,** an Arizona limited liability company**,** <br><br> Plaintiff, <br><br> **vs.** <br> **Cycle Gear Inc..**, a California Corporation; <br> Defendant | Case No. <br><br> COMPLAINT <br><br> COPYRIGHT INFRINGEMENT; <br> TRADE DRESS INFRINGEMENT 1-3; <br> UNFAIR COMPETITION; <br> MISREPRESENTATION and; <br> EVIL MIND <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Guardian Bells, LLC, through counsel, as and for its Complaint alleges as follows:

## **NATURE OF THE ACTION**

1. This is an action against Cycle Gear Inc. for Copyright Infringement, Trade Dress Infringement, Unfair Competition; and/or Unfair Competition and related state claims; against the Defendant.

2. Plaintiff Guardian Bells, LLC is an Arizona limited liability company, with a place of business in Scottsdale, AZ, hereinafter referred to as "Plaintiff".

3. Defendant Cycle Gear Inc. is a California Corporation, hereinafter referred

- 1 -

to as "Defendant".  It lawfully continues to does business in this district and others across the United States via websites at www.cyclegear.com by direction by one or more of the individual Defendant (unknown at this time).  Defendant Cycle Gear Inc. has a website at www.cyclegear.com (covered in many counts) where they sell infringing bells and pins. Defendant has objectively removed the copyright notices used by Plaintiff in its photographs and on its articles, making the copying willful.

4.     This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. §101, et seq., hereinafter referred to as the "Act".  Jurisdiction is founded on Sections 1331, 1338(a) and 1338(b) of the Judicial Code (28 U.S.C. §§ 1331, 1338(a) and 1338(b)).

5.     Venue is conferred by § 139l(a), (b)(1) and (2), and (c) and 1400(a) of the Judicial Code (28 U.S.C. §l391(b)(2) and (c) and 1400(a)).

## OPERATIVE FACTS

6.     Guardian Bells, LLC is engaged in the business, inter alia, of selling copyrighted bells and pins.

7.     Guardian Bells, LLC (Guardian Bells) sells its bells and pins locally, and on the World Wide Web at www.guardianbell.com.  A copy of its home pages is attached as Exhibit 1.  In order for Guardian Bells, LLC to sell its bells and pins, Plaintiff takes myriad high-quality photographs of the bells and pins to post on the website at http://www.guardianbell.com.   Often, Plaintiff puts efforts and money into making its photographs of the bells and pins ultra-high-quality, by enhancing the photographs with photo-editing software.

8.     Guardian Bells, LLC created many such photographs (hereinafter the "Photographs") in order to market different bells and pins (such as those in Exhibit 1). Relevant webpages containing similar photographs of infringing bells and pins by the Defendant on Defendant's website and catalog are attached hereto as Exhibits 2-3.

9.     Guardian Bells, LLC filed for registrations of these bells and pin sculptures

with the United Stated Copyright Office, and those Registrations are attached as Exhibit 4-17.

10.     Guardian Bells, LLC legally owns the designs depicted in the Photographs, all the exclusive copyrights therein and is entitled to copyright protection.  Plaintiff earns its income, generates revenue and profits by selling the bells and pins and using the photographs to market and sell the bells and pins.  A copy of the infringed units sold are included in Exhibits 18-31.

11.     Guardian Bells, LLC has sold each of the pins and bells at issue in this action directly to the Defendant from the period of December 2006 to October 2013.

12.     Guardian Bells, LLC's copyright ownership is clearly noticed on all webpages at www.guardianbell.com and on each bell and pin sold

13.     Guardian Bells, LLC has expended substantial resources in advertising, promoting, and selling bells and pins and built a valuable business based on demand for its distinctively-shown, quality products.  Guardian Bells, LLC has become identified in the minds of the public as the provider of the same.

14.     The Defendant (Cycle Gear) willfully infringed on Plaintiff's bells, pins and photographs and based on quality and size the Defendant took Plaintiff's bells and pins and on information and belief molded its bells and pins from Plaintiff's bells and pins Defendant then started selling them in its stores, its catalogues, and on its website.  A copy of the infringing units sold by Defendant is included in Exhibits 32-45.

15.     Defendant   uses   the   stores,   the   catalogues,   and   the   domain www.cyclegear.com to advertise and sell its bells and pins.  Yet, the Defendant's use of Plaintiff's sculptures in photographs demonstrates that Defendant admires them greatly, and that they are valuable.  The Defendant also unlawfully and knowingly stripped off Plaintiff's copyright notice.

16.     As further evidence that the Defendant went to Plaintiff's bells and pins for the purpose of copying them, the Defendant's bells and pins are of lesser detail than Plaintiff's and are a tiny bit smaller in size.   The Infringing bells, pins, and photographs,

show Defendant is trying to be a direct competitor of Plaintiff, and it uses identical bells and pins stripped of Plaintiff's markings, and similarly advertises with photographs.

17.   Defendant unlawfully and willfully copied each, all or part of Guardian Bells, LLC's bells and pins and made photographs, in violation of Guardian Bells, LLC's copyright in each and every bell and pin.

18.   Defendant's uses of Plaintiff's bells and pins in photographs was done to dilute the market and serve to destroy the distinctiveness of Guardian Bells, LLC's copyrighted works.  It also serves to destroy Plaintiff's business value.

19.   Defendant's copying of Guardian Bells, LLC's copyrighted works destroys the public's identification of the bells and pins as Guardian Bells, LLC's exclusive property, thereby confusing the public and causing Guardian Bells, LLC to suffer irreparable damages and lost profits.

## COUNT ONE
## COPYRIGHT INFRINGEMENT

20.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

21.   Plaintiff has continuously sold its bells and pins in stores, online and in catalogues.

22.   On information and belief, Defendant has copied Plaintiff's pins covered by Registration No. VAu 1-083-643 (see Exhibit 4), by copying the ANGEL pins attached as Exhibits 18 (Guardian Bells') and 32 (Cycle Gear's).

23.   Defendant's copyright infringements are willful, as evidenced by how Defendant has intentionally made duplicate copies of Plaintiff's bells and pins and removed the Plaintiff's copyright notice.

24.   Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such

- 4 -

claims to be discovered.

**COUNT TWO**

**COPYRIGHT INFRINGEMENT**

25.     Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

26.     On information and belief, Defendant has copied Plaintiff's bells, covered by Registration No. VAu 737-352 (see Exhibit 5), by copying the GRENADE bell attached as Exhibits 19 (Guardian Bells') and 33 (Cycle Gear's).

27.     Guardian Bells, LLC's sales of its own goods and the works and derivative works is prejudiced by Defendant' copyright infringements.

28.     Defendant's copyright infringements are willful, as evidenced by how Defendant has intentionally made duplicate copies of Plaintiff's bells and pins and removed the Plaintiff's copyright notice.

29.     Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

**COUNT THREE**

**COPYRIGHT INFRINGEMENT**

30.     Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

31.     On information and belief, Defendant has copied Plaintiff's bells, covered by Registration No. VA 1-322-183 (see Exhibit 6), by copying the LADYRIDER bell attached as Exhibits 20 (Guardian Bells') and 34 (Cycle Gear's).

32.     Guardian Bells, LLC's sales of its own goods and the works and derivative

1   works is prejudiced by Defendant' copyright infringements.

2        33.    Defendant's copyright infringements are willful, as evidenced by how
3   Defendant has intentionally made duplicate copies of Plaintiff's bells and pins and
4   removed the Plaintiff's copyright notice.

5        34.    Plaintiff hereby reserves the right to amend this claim and perhaps add
6   additional claims for infringement once discovery has been conducted to allow for such
7   claims to be discovered.

8

9                        **COUNT FOUR**

10               **COPYRIGHT INFRINGEMENT**

11       35.    Plaintiff hereby alleges and incorporates by reference each and every
12  allegation contained in all paragraphs above, inclusive, as though fully set forth in detail
13  herein.

14       36.    On information and belief, Defendant has copied Plaintiff's bells, covered
15  by Registration No. VAu 754-913 (see Exhibit 7), by copying the IN MEMORY OF OUR
16  FALLEN HEROES bell attached as Exhibits 21 (Guardian Bells') and 35 (Cycle Gear's).

17       37.    Guardian Bells, LLC's sales of its own goods and the works and derivative
18  works is prejudiced by Defendant's copyright infringements.

19       38.    Defendant's copyright infringements are willful, as evidenced by how
20  Defendant has intentionally made duplicate copies of Plaintiff's bells and pins and
21  removed the Plaintiff's copyright notice.

22       39.    Plaintiff hereby reserves the right to amend this claim and perhaps add
23  additional claims for infringement once discovery has been conducted to allow for such
24  claims to be discovered.

25

26                       **COUNT FIVE**

27               **COPYRIGHT INFRINGEMENT**

28       40.    Plaintiff hereby alleges and incorporates by reference each and every

allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

41.    On information and belief, Defendant has copied Plaintiff's bells, covered by Registration No. VAu 958-102 (see Exhibit 8), by copying the CROWN OF SKULLS bell attached as Exhibits 22 (Guardian Bells') and 36 (Cycle Gear's).

42.    Guardian Bells, LLC's sales of its own goods and the works and derivative works is prejudiced by Defendant' copyright infringements.

43.    Defendant's copyright infringements are willful, as evidenced by how Defendant has intentionally made duplicate copies of Plaintiff's bells and pins and removed the Plaintiff's copyright notice.

44.    Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT SIX
## COPYRIGHT INFRINGEMENT

45.    Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

46.    On information and belief, Defendant has copied Plaintiff's bells, covered by Registration No.VA 1-319-071 (see Exhibit 9) by copying the IRON CROSS bell attached as Exhibits 23 (Guardian Bells') and 37 (Cycle Gear's).

47.    Guardian Bells, LLC's sales of its own goods and the works and derivative works is prejudiced by Defendant' copyright infringements.

48.    Defendant's copyright infringements are willful, as evidenced by how Defendant has intentionally made duplicate copies of Plaintiff's bells and pins and removed the Plaintiff's copyright notice.

49.    Plaintiff hereby reserves the right to amend this claim and perhaps add

additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT SEVEN
## COPYRIGHT INFRINGEMENT

50.     Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

51.     On information and belief, Defendant has copied Plaintiff's bells, covered by Registration No.VA 1-322-184 (see Exhibit 10), by copying the FLAME bell attached as Exhibits 24 (Guardian Bells') and 38 (Cycle Gear's).

52.     Guardian Bells, LLC's sales of its own goods and the works and derivative works is prejudiced by Defendant' copyright infringements.

53.     Defendant's copyright infringements are willful, as evidenced by how Defendant has intentionally made duplicate copies of Plaintiff's bells and pins and removed the Plaintiff's copyright notice.

54.     Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT EIGHT
## COPYRIGHT INFRINGEMENT

55.     Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

56.     On information and belief, Defendant has copied Plaintiff's bells, covered by Registration No. VAu 651-449 (see Exhibit 11), by copying the OLD GLORY bell

attached as Exhibits 25 (Guardian Bells') and 39 (Cycle Gear's).

57.    Guardian Bells, LLC's sales of its own goods and the works and derivative works is prejudiced by Defendant' copyright infringements.

58.    Defendant's copyright infringements are willful, as evidenced by how Defendant has intentionally made duplicate copies of Plaintiff's bells and pins and removed the Plaintiff's copyright notice.

59.    Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT NINE
## COPYRIGHT INFRINGEMENT

60.    Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

61.    On information and belief, Defendant has copied Plaintiff's bells, covered by Registration No. VAu 756-903 (see Exhibit 12), by copying the ANGEL bell attached as Exhibits 26 (Guardian Bells') and 40 (Cycle Gear's).

62.    Guardian Bells, LLC's sales of its own goods and the works and derivative works is prejudiced by Defendant's copyright infringements.

63.    Defendant's copyright infringements are willful, as evidenced by how Defendant has intentionally made duplicate copies of Plaintiff's bells and pins and removed the Plaintiff's copyright notice.

64.    Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

. . . .

**COUNT TEN**

**COPYRIGHT INFRINGEMENT**

65.    Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

66.    On information and belief, Defendant has copied Plaintiff's bells, covered by Registration No.VA 1-319-071 (see Exhibit 13), by copying the SKULL bell attached as Exhibits 27 (Guardian Bells') and 41 (Cycle Gear's).

67.    Guardian Bells, LLC's sales of its own goods and the works and derivative works is prejudiced by Defendant's copyright infringements.

68.    Defendant's copyright infringements are willful, as evidenced by how Defendant has intentionally made duplicate copies of Plaintiff's bells and pins and removed the Plaintiff's copyright notice.

69.    Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

**COUNT ELEVEN**

**COPYRIGHT INFRINGEMENT**

70.    Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

71.    On information and belief, Defendant has copied Plaintiff's bells, covered by Registration No. VAu 639-826 (see Exhibit 14), by copying the NEVER RIDE FASTER THAN YOUR ANGEL CAN FLY bell attached as Exhibits 28 (Guardian Bells') and 42 (Cycle Gear's).

72.    The Defendant's also used the HALO bell on the back of the NEVER RIDE FASTER THAN YOUR ANGEL CAN FLY bell (see Exhibit 42).

73.     Guardian Bells, LLC's sales of its own goods and the works and derivative works is prejudiced by Defendant's copyright infringements.

74.     Defendant's copyright infringements are willful, as evidenced by how Defendant has intentionally made duplicate copies of Plaintiff's bells and pins and removed the Plaintiff's copyright notice.

75.     Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT TWELVE
## COPYRIGHT INFRINGEMENT

76.     Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

77.     On information and belief, Defendant has copied Plaintiff's bells, covered by Registration No. VAu 756-901 (see Exhibit 15), by copying the HEART bell attached as Exhibits 29 (Guardian Bells') and 43 (Cycle Gear's).

78.     Guardian Bells, LLC's sales of its own goods and the works and derivative works is prejudiced by Defendant's copyright infringements.

79.     Defendant's copyright infringements are willful, as evidenced by how Defendant has intentionally made duplicate copies of Plaintiff's bells and pins and removed the Plaintiff's copyright notice.

80.     Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

. . . .

**COUNT THIRTEEN**

**COPYRIGHT INFRINGEMENT**

81.    Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

82.    On information and belief, Defendant has copied Plaintiff's bells, covered by Registration No. VAu 1-097-362 (see Exhibit 16), by copying the WORLD'S GREATEST BIKER DAD bell attached as Exhibits 30 (Guardian Bells') and 44 (Cycle Gear's).

83.    Guardian Bells, LLC's sales of its own goods and the works and derivative works is prejudiced by Defendant's copyright infringements.

84.    Defendant's copyright infringements are willful, as evidenced by how Defendant has intentionally made duplicate copies of Plaintiff's bells and pins and removed the Plaintiff's copyright notice.

85.    Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

**COUNT FOURTEEN**

**COPYRIGHT INFRINGEMENT**

86.    Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

87.    On information and belief, Defendant has copied Plaintiff's bells, covered by Registration No. VAu 684-366 (see Exhibit 17), by copying the BONES bell attached as Exhibits 31 (Guardian Bells') and 45 (CycleGear's).

88.    Defendant's copyright infringements are willful, as evidenced by how Defendant has intentionally made duplicate copies of Plaintiff's bells and pins and

removed the Plaintiff's copyright notice.

89.     Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

**COUNT FIFTEEN**

**COPYRIGHT INFRINGEMENT**

90.     Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

91.     On information and belief, Defendant has copied more of Plaintiff's bells and pins in its December 2014 catalog attached as Exhibits 3 (Cycle Gear's).

92.     Altogether the catalogue holds six infringements in photography.

93.     Defendant's copyright infringements are willful, as evidenced by how Defendant has intentionally made duplicate copies of Plaintiff's bells and pins, removed the Plaintiff's copyright notice and photographed the same for advertisement in Defendant's catalogue.

94.     The Plaintiff asks that the catalogue counts as at least six infringements.

95.     Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

**COUNT SIXTEEN**

**COPYRIGHT INFRINGEMENT**

96.     Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

97.     On information and belief, Defendant has copied more of Plaintiff's bells,

pins, and photographs than are included the complaint in this matter.

98. Defendant's copyright infringements are willful, as evidenced by how Defendant has intentionally made duplicate copies of Plaintiff's bells and pins and removed the Plaintiff's copyright notice and background.

99. Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT SEVENTEEN
## COPYRIGHT INFRINGEMENT

100. Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

101. On information and belief, Defendant has copied more of Plaintiff's bells, pins, and photographs than are included the complaint in this matter.

102. Copyright Registration No. VAu 1-083-643 covering the ANGEL PINS is eligible for an election of actual damages and profits of the infringer under Title 17 United States §504(a)(1) and Title 17 United States §504(b) or statutory damages under Title 17 United States §504(a)(2) and Title 17 United States §504(c). Plaintiff reserves this election.

103. Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT EIGHTEEN
## COPYRIGHT INFRINGEMENT

104. Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail

- 14 -

herein.

105.   On information and belief, Defendant has copied more of Plaintiff's bells, pins, and photographs than are included the complaint in this matter.

106.   Copyright Registration No. VAu 737-352 covering the GRENADE bell is eligible for an election of actual damages and profits of the infringer under Title 17 United States §504(a)(1) and Title 17 United States §504(b).

107.   Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT NINETEEN
## COPYRIGHT INFRINGEMENT

108.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

109.   On information and belief, Defendant has copied more of Plaintiff's bells, pins, and photographs than are included the complaint in this matter.

110.   Copyright Registration No. VA 1-322-183 covering the LADY RIDER bell is eligible for an election of actual damages and profits of the infringer under Title 17 United States §504(a)(1) and Title 17 United States §504(b).

111.   Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT TWENTY
## COPYRIGHT INFRINGEMENT

112.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail

herein.

113.   On information and belief, Defendant has copied more of Plaintiff's bells, pins, and photographs than are included the complaint in this matter.

114.   Copyright Registration No. VAu 754-913 covering the IN MEMORY OF OUR FALLEN HEROS bell is eligible for an election of actual damages and profits of the infringer under Title 17 United States §504(a)(1) and Title 17 United States §504(b) or statutory damages under Title 17 United States §504(a)(2) and Title 17 United States §504(c).  Plaintiff reserves this election.

115.  Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT TWENTY-ONE
## COPYRIGHT INFRINGEMENT

116.  Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

117.   On information and belief, Defendant has copied more of Plaintiff's bells, pins, and photographs than are included the complaint in this matter.

118.   Copyright Registration No. VAu 958-102 covering the CROWN OF SKULLS bell is eligible for an election of actual damages and profits of the infringer under Title 17 United States §504(a)(1) and Title 17 United States §504(b) or statutory damages under Title 17 United States §504(a)(2) and Title 17 United States §504(c). Plaintiff reserves this election.

119.   Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT TWENTY-TWO
## COPYRIGHT INFRINGEMENT

120.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

121.   On information and belief, Defendant has copied more of Plaintiff's bells, pins, and photographs than are included the complaint in this matter.

122.   Copyright Registration No. VA 1-319-071 covering the IRON CROSS bell is eligible for an election of actual damages and profits of the infringer under Title 17 United States §504(a)(1) and Title 17 United States §504(b).

123.   Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT TWENTY-THREE
## COPYRIGHT INFRINGEMENT

124.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

125.   On information and belief, Defendant has copied more of Plaintiff's bells, pins, and photographs than are included the complaint in this matter.

126.   Copyright Registration No. VA 1-322-184 covering the FLAME bell is eligible for an election of actual damages and profits of the infringer under Title 17 United States §504(a)(1) and Title 17 United States §504(b).

127.   Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

**COUNT TWENTY-FOUR**

**COPYRIGHT INFRINGEMENT**

128.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

129.   On information and belief, Defendant has copied more of Plaintiff's bells, pins, and photographs than are included the complaint in this matter.

130.   Copyright Registration No. VAu 651-449 covering the OLD GLORY bell is eligible for an election of actual damages and profits of the infringer under Title 17 United States §504(a)(1) and Title 17 United States §504(b) or statutory damages under Title 17 United States §504(a)(2) and Title 17 United States §504(c).   Plaintiff reserves this election.

131.   Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

**COUNT TWENTY-FIVE**

**COPYRIGHT INFRINGEMENT**

132.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

133.   On information and belief, Defendant has copied more of Plaintiff's bells, pins, and photographs than are included the complaint in this matter.

134.   Copyright Registration No. VAu 756-903 covering the ANGEL bell is eligible for an election of actual damages and profits of the infringer under Title 17 United States §504(a)(1) and Title 17 United States §504(b) or statutory damages under Title 17 United States §504(a)(2) and Title 17 United States §504(c).   Plaintiff reserves this

- 18 -

election.

135.   Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT TWENTY-SIX
## COPYRIGHT INFRINGEMENT

136.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

137.   On information and belief, Defendant has copied more of Plaintiff's bells, pins, and photographs than are included the complaint in this matter.

138.   Copyright Registration No. VA 1-319-071 covering the SKULL bell is eligible for an election of actual damages and profits of the infringer under Title 17 United States §504(a)(1) and Title 17 United States §504(b).

139.   Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT TWENTY-SEVEN
## COPYRIGHT INFRINGEMENT

140.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

141.   On information and belief, Defendant has copied more of Plaintiff's bells, pins, and photographs than are included the complaint in this matter.

142.   Copyright Registration No. VAu 639-826 covering the NEVER RIDE FASTER THAN YOUR ANGEL CAN FLY bell is eligible for an election of actual

damages and profits of the infringer under Title 17 United States §504(a)(1) and Title 17 United States §504(b) or statutory damages under Title 17 United States §504(a)(2) and Title 17 United States §504(c).  Plaintiff reserves this election.

143.   Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT TWENTY-EIGHT
## COPYRIGHT INFRINGEMENT

144.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

145.   On information and belief, Defendant has copied more of Plaintiff's bells, pins, and photographs than are included the complaint in this matter.

146.   Copyright Registration No. VAu 756-901 covering the HEART bell is eligible for an election of actual damages and profits of the infringer under Title 17 United States §504(a)(1) and Title 17 United States §504(b) or statutory damages under Title 17 United States §504(a)(2) and Title 17 United States §504(c).  Plaintiff reserves this election.

147.   Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT TWENTY-NINE
## COPYRIGHT INFRINGEMENT

148.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

149.   On information and belief, Defendant has copied more of Plaintiff's bells, pins, and photographs than are included the complaint in this matter.

150.   Copyright Registration No. VAu 1-097-362 covering the WORLDS GREATEST BIKER DAD bell is eligible for an election of actual damages and profits of the infringer under Title 17 United States §504(a)(1) and Title 17 United States §504(b) or statutory damages under Title 17 United States §504(a)(2) and Title 17 United States §504(c).  Plaintiff reserves this election.

151.   Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT THIRTY
## COPYRIGHT INFRINGEMENT

152.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

153.   On information and belief, Defendant has copied more of Plaintiff's bells, pins, and photographs than are included the complaint in this matter.

154.   Copyright Registration No. VAu 684-366 covering the BONES bell is eligible for an election of actual damages and profits of the infringer under Title 17 United States §504(a)(1) and Title 17 United States §504(b) or statutory damages under Title 17 United States §504(a)(2) and Title 17 United States §504(c).   Plaintiff reserves this election.

155.   Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

. . . .

## COUNT THIRTY-ONE
## COPYRIGHT INFRINGEMENT

156.    Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

157.    All of Plaintiff's bells have a ringer.  See Exhibit 46.

158.    Defendant copied that as well.  See Exhibit 46.

159.    All the bell copyrights include Plaintiff's ringer.

160.    All the bell copyrights cover the bells and the ringers.

161.    All the Copyright Registrations are eligible for an election of actual damages and profits of the infringer under Title 17 United States §504(a)(1) and Title 17 United States §504(b) or statutory damages under Title 17 United States §504(a)(2) and Title 17 United States §504(c).  Plaintiff reserves this election.

162.    Plaintiff hereby reserves the right to amend this claim and perhaps add additional claims for infringement once discovery has been conducted to allow for such claims to be discovered.

## COUNT THIRTY-TWO
## UNFAIR COMPETITION

163.    Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

164.    This action for unfair competition is a substantial and related claim to Defendant's infringement of Guardian Bells, LLC's copyrights and pursuant to § 1338(b) of Title 28 of the United States Code, the court has and should assume pendent jurisdiction of this claim.

165.    Defendant is unlawfully and willfully copying Guardian Bells, LLC's

Infringed Bells and pins and Photographs and placing Guardian Bells, LLC's Infringed Photographs on a some strikingly similarly worded versions of Defendant's website for the same pool related goods and services, created a likelihood of confusion among the public as to the original source of Guardian Bells, LLC's Infringed Photographs and have contributed to the dilution of the distinctive quality of Guardian Bells, LLC's work in the marketplace.

166.    Defendant by its unauthorized appropriation and use of Guardian Bells, LLC's copyrighted works, have and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Guardian Bells, LLC's good will and the public's acceptance of Guardian Bells, LLC's copyrighted works, all to Guardian Bells, LLC's irreparable damage.

## COUNT THIRTY-THREE
## UNFAIR COMPETITION 2

167.    Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

168.    When designing and establishing its website at www.guardianbells.com, Guardian Bells, LLC has adopted a particular dress, design, and combination of features to produce a particular visual appearance for the purpose of presenting its goods to the public.

169.    Defendant has attempted to copy Guardian Bells, LLC's particular trade dress, design, and combination of features, as they pertain to the bells, pins, and bell holder and the Photographs and the Products, in such a way as to mislead the public.

170.    The multiplicity of similarities between Guardian Bells, LLC's copyrighted bells, pins, bell holder and photographs and the website at www.cyclegear.com and those produced and sold by Defendant evidence a conscious intent by Defendant to imitate and

copy Guardian Bells, LLC's products.

171.   This Defendant' use of, its selection of products when copying and/or imitating Guardian Bells, LLC's Infringed Products and the website at www.cyclegear.com evidences a conscious intent of Defendant to imitate and copy Guardian Bells, LLC products and its business.

172.   Defendant's actions are intended and/or operate to confuse the public.

173.   Guardian Bells, LLC sale of its own products and services, and works and derivative works is prejudiced by Defendant' imitation and copying of Guardian Bells, LLC, all to Guardian Bells, LLC's irreparable damage.

## COUNT THIRTY-FOUR
## TRADE DRESS 1

174.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

175.   Plaintiff sells a bell hanger (see Exhibit 48).

176.   These hangers have a particular dress to not be confused with another (see Exhibit 48).

177.   Defendant has copied the bell hanger (see Exhibit 48).

178.   Defendant has committed trade dress infringement.

179.   Damages are available.

## COUNT THIRTY-FIVE
## TRADE DRESS 2

180.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

181.   Plaintiff sells all its bells in a velvet pouch (see Exhibit 47).

182.   Defendant has copied the exact design of the Plaintiff's velvet pouch (see Exhibit 55). Defendant has committed trade dress infringement.

183.   Damages are available.

## COUNT THIRTY-SIX
## TRADE DRESS 3

184.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

185.   Plaintiff includes a Legend paper with each bell (see Exhibit 47).

186.   Defendant copied Plaintiff's design exactly, (see Exhibit 47).

187.   Defendant has committed trade dress infringement.

188.   Damages are available.

## COUNT THIRTY-SEVEN
## MISREPRESENTATION

189.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

190.   Defendant, in the course of its business, are providing the public false information about working directly with Plaintiff by using Plaintiff's articles and photographs of them, or Plaintiff's approval of such.

191.   The Defendant intended that consumers and others Plaintiff deals with would rely on that information or could reasonably foresee that consumers and others Plaintiff deals with would rely on that information.

192.   The Defendant failed to exercise reasonable care in obtaining or communicating that information.

193.   Consumers and others Plaintiff deals with relied and will rely upon on that

incorrect information.

194.   That reliance is justified.

195.   That reliance is a cause of damage to Plaintiff.

## COUNT THIRTY-EIGHT
## EVIL MIND

196.   Plaintiff hereby alleges and incorporates by reference each and every allegation contained in all paragraphs above, inclusive, as though fully set forth in detail herein.

197.   Defendant intended to cause injury so Defendant could take money from Plaintiff, and take Plaintiff's business.

198.   Defendant's wrongful conduct infringing so many articles, for many months is motivated by spite or ill will; or Defendant acted to serve its own interests, having reason to know and consciously disregarding a substantial risk that its conduct might significantly injure the rights of others, just so Defendant could take money from Plaintiff, and Plaintiff's business.

199.   Defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others, just so Defendant could take money from Plaintiff, and Plaintiff's business.

200.   Defendant intentionally did such action because Defendant seeks to take money from Plaintiff, and have taken much of Plaintiff's business.

**WHEREFORE, Plaintiff prays:**

A. Defendant be enjoined during the pendency of this action and permanently thereafter from appropriating and using Guardian Bells, LLC's copyrighted works;

B. Defendant be enjoined during the pendency of this action and permanently thereafter from using, advertising, or selling with its infringing photographs to the public;

C. Defendant be enjoined during the pendency of this action and permanently thereafter from using, advertising, or selling with its infringing trade dress;

D. Defendant be enjoined during the pendency of this action and permanently thereafter from using, advertising, or selling with its infringing copyrighted articles to the public;

E. Defendant be enjoined during the pendency of this action and permanently thereafter from using, advertising, or selling with its infringing copyrighted articles on its website to the public;

F. Defendant be enjoined during the pendency of this action and permanently thereafter from using, advertising, or selling with its infringing copyrights and trade dress on its website http://www.cyclegear.com , to the public;

G. Defendant be ordered to pay to Guardian Bells, LLC all damages suffered by Guardian Bells, LLC due to its unlawful acts of using XX copies of Plaintiff's articles and photographs, with prejudgment interest, as well as account for and pay to Guardian Bells, LLC all gains and profits that they have enjoyed at Guardian Bells, LLC's expense and that such damages include Guardian Bells, LLC's costs and attorney's fees under4 Title 17 United States Code §505.  At present, Guardian Bells, LLC cannot ascertain the full extent of its damages and lost profits;

H. In the alternative, should Plaintiff so elect, and should this Court find the Defendant' infringement willful, Plaintiff reserves the election of statutory damages for all works infringed under Copyright Registration Numbers VAu 1-083-643;  VAu 737-352; VA 1-322-183; VAu 754-913; VAu 958-102; VA 1-319-071; VA 1-322-184; VAu 651-449; VAu 756-903; VAu 639-826; VAu 756-901; VA 1-097-362; and VAu 684-366 plus Guardian Bells, LLC's costs and attorney's fees under Title 17 United States Code §505;

I. That each Defendant be held to having an evil mind, and a multiplication of damages therefor under Arizona Law;

1    J.   Such other relief as the equities of the case may require and as this Court may deem

2         just and proper under the circumstances; and

3    K.   A trial by jury.

4

5                            Respectfully submitted this 23rd day of December, 2014.

6

7                   By:     s/Jordan M. Meschkow
                            Jordan M. Meschkow, AZ Bar No. 007454
8                           Sean K. Enos. AZ Bar No. 023634
                            **Schmeiser, Olsen & Watts LLP**
9                           18 E. University Drive
                            Suite 101
10                          Mesa, Arizona 85201

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, Adam Hizme, declare as follows:

I declare that I am a member of the Plaintiff herein; that I have read the foregoing and know the contents thereof; that the matters alleged therein are true of my own knowledge, except for those matters stated on information and belief, which I believe to be true, and that I do so under penalty of perjury.

Adam Hizme

Dated: __12-23-2014__

- 29 -